# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ROGERIO RIBIERO DOS SANTOS,** *Plaintiff* | § § § |
| **v.** | § § Case No. A-19-CV-00383-LY |
| **AIR CHINA LIMITED,** *Defendant* | § § § § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
    **UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant's Motion to Transfer Venue and Consolidate Related Cases, filed on April 4, 2019 (Dkt. No. 3); Plaintiff's Emergency Motion to Remand, filed on April 17, 2019 (Dkt. No 6); and Defendant's Response to Plaintiff's Emergency Motion to Remand filed on May 1, 2019 (Dkt. No. 8). On July 17, 2019, the District Court referred the above motions and related filings to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

Plaintiff Rogerio Ribiero Dos Santos ("Plaintiff"), a resident of Harris County, Texas, originally filed this lawsuit against Air China Limited ("Air China") in Travis County Justice Court. *See Dos Santos v. Air China Limited*, J5-CV-19-252151 (J.P. Ct., Pct. 5 Travis County, Tex. Mar. 5, 2019). Plaintiff alleges that Air China lost his luggage on an outbound flight from Houston, Texas to the Republic of the Philippines on November 25, 2018, and seeks $9,700 in damages. Dkt. No.1-1 at p. 2. On April 4, 2019, Air China removed this case to the instant federal

court based on federal question jurisdiction under 28 U.S.C. § 1331. Air China contends that the state lawsuit is preempted by the Montreal Convention Treaty ("Treaty"). Dkt. No. 1 at p. 3.

In addition to the instant lawsuit, Plaintiff also has filed a related lawsuit against Air China in Harris County Justice Court. *See Dos Santos v. Air China Limited*, No.194200091726 (J.P. Ct., Pct. 4, Pl. 2 Harris County, Tex. Feb. 28, 2019). The Harris County lawsuit alleges that Air China lost Plaintiff's luggage on his return flight to Houston and seeks $10,000 in damages. *Id.* On April 4, 2019, Air China removed the Harris County lawsuit to the Houston Division of the Southern District of Texas. *See Dos Santos v. Air China Limited*, 4:19-CV-01226 (S.D. Tex. April 4, 2019). On May 20, 2019, United States District Judge Kenneth M. Hoyt denied Plaintiff's "Emergency Motion to Remand." *See* Dkt. No. 6 in 4:19-CV-01226. Thus, the Harris County lawsuit remains pending in the Southern District of Texas.

On April 4, 2019, Air China filed the instant Motion to Transfer Venue and Consolidate Related Cases, pursuant to Federal Rule of Civil Procedure 42(a) and 28 U.S.C. § 1404(a), arguing that the lawsuit should be transferred to the Southern District of Texas and consolidated with the related lawsuit pending there.

Plaintiff did not file a response to the Motion to Transfer Venue. On April 17, 2019, however, Plaintiff filed an "Emergency Motion to Remand" requesting that the case be remanded to the Justice Court. Air China opposes the Motion to Remand, arguing that the case was properly removed based on federal question jurisdiction.

## II. ANALYSIS

### A. Order of Motions

A court may exercise its discretion in determining the order in which to address decisions not affecting the merits of a case. *Hill v. Keliher*, 2019 WL 3837113, at *3 (S.D. Tex. Aug. 14, 2019).

Federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district. *McPeters v. LexisNexis, a Division of Reed Elsevier, Inc.*, 2011 WL 13253948, at *2 (W.D. Tex. May 27, 2011) (quoting *Huntsman Corp. v. Int'l Risk Ins. Co.*, 2008 WL 1836384, at *3 (E.D. Tex. Apr. 22, 2008)). Rather, a court may decide a motion to transfer to another district before ruling on other motions, and deciding the motion to transfer first "is particularly appropriate where a related suit is already pending in the transferee district." *Hardwick v. Factor*, 2011 WL 1831706, at *2 (S.D. Tex. May 9, 2011) (quoting *Doubletree Partners, L.P. v. Land Am. Am. Title Co.*, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3, 2008)); *see also Tesoro Ref. & Mktg. Co. v. C.A.R. Enters.*, 2018 WL 6050603, at *8 (W.D. Tex. Nov. 19, 2018) ("[T]he Court may decide to proceed with determining venue before resolving the jurisdictional issue.") (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435-36 (2007)).

The Court finds that it is appropriate to first address the Motion to Transfer Venue before addressing the Motion to Remand.

**B. Standard of Review**

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is well settled that the party seeking the transfer of venue bears the burden of demonstrating that the case should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

The preliminary question under § 1404 is whether the lawsuit "might have been brought" in the destination venue. *Id.* at 312. The Court must determine whether the moving party has shown

"good cause" for transferring the case, reflecting the appropriate deference to the plaintiff's choice of venue. *Id.* at 315. To show good cause "means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting § 1404(a)).

In determining whether a transfer is for the convenience of parties and witnesses and in the interest of justice, courts look to a series of private and public factors. *Id.* at 315. The private interest factors include:

1. the relative ease of access to sources of proof;
2. the availability of compulsory process to secure the attendance of witnesses;
3. the cost of attendance for willing witnesses; and
4. all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Id.* The public interest factors include:

1. the administrative difficulties flowing from court congestion;
2. the local interest in having localized interests decided at home;
3. the familiarity of the forum with the law that will govern the case; and
4. the avoidance of unnecessary problems of conflict of laws in the application of foreign law.

*Id.* The Fifth Circuit has clarified that these factors are not exhaustive or exclusive, and that none are dispositive. *Id.*

### C. Preliminary Inquiry

The preliminary inquiry in the § 1404(a) analysis is whether the lawsuit could have been brought in the division to which the movant seeks a transfer. *Id.* at 312. The venue statute provides that venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). This lawsuit could have been brought in the Houston Division of the Southern District of Texas because the allegedly wrongful conduct arose from Plaintiff's flight, which originated and ended in Houston.

4

**D. Private Interest Factors**

   1. Relative Ease of Access to Sources of Proof

This lawsuit has no connection to the Western District of Texas. Plaintiff is a resident of Harris County and alleges his luggage was lost on a round trip flight that originated and ended in Houston. The only city in Texas where Air China operates is Houston. Accordingly, the only evidence located in Texas in this case would be in Harris County, not in Travis County. This factor thus weighs in favor of transfer.

   2. Availability of Process to Secure the Attendance of Witnesses

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Volkswagen*, 545 F.3d at 315. Rule 45 provides that a Court has subpoena power over a witness to compel the witness's attendance at a trial or hearing within 100 miles of the witness's residence, place of employment, or regular place of business. Fed. R. Civ. P. 45(c)(1)(A). A Court, furthermore, may compel a person to attend a trial or hearing within the state in which the person resides, is employed, or regularly transacts business if the person is a party or party's officer or is commanded to attend a trial and would not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). However, Rule 45 also states that a court may quash a subpoena that requires a party or non-party to travel more than 100 miles to attend trial if the person would incur substantial expense. Fed. R. Civ. P. 45(d).

As noted, Plaintiff resides in Harris County, and the only city in Texas in which Air China operates is Houston. Because Air China allegedly lost Plaintiff's luggage on a round-trip flight from Houston, all non-foreign witnesses presumably would be located in Houston. The Federal Courthouse in Austin is well over 100 miles from Houston. Accordingly, the Western District of

5

Texas would not be able to secure the attendance of witnesses under Rule 45. This factor weighs in favor of transfer.

   3. Costs of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witness. The Fifth Circuit has stated that, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317 (internal citations omitted). Furthermore, the Fifth Circuit has stated that

> it is an obvious conclusion that it is more convenient for witnesses to testify at home and that additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Id.* (internal citations and quotations omitted). Here, the distance between the Austin courthouse and the Houston courthouse is roughly 160 miles. In addition, Plaintiff resides in the Houston division, and the only employees of Air China who reside in Texas would be in Houston. Therefore, this factor weighs in favor of transfer.

   4. All Other Practical Problems

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* at 315. The Fifth Circuit has clarified that "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013). The Court sees no other practical problems that might arise by transferring this case to the Southern District of Texas. This factor also favors transfer.

**E. Public Factors**

    1.    <u>Administrative Difficulties</u>

This Court is unaware of any administrative difficulties that would arise from transferring this case to the Southern District of Texas. In fact, no delay or prejudice would occur because the parties are already litigating the related case there. Transferring the case would reduce the risk of parallel litigation with differing results in different judicial districts. This factor favors transfer.

    2.    <u>Local Interests</u>

The "local interest in having localized interests decided at home" weighs heavily in favor of the Southern District of Texas. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The events giving rise to this lawsuit occurred, at least in part, in Houston. All of the parties and witnesses in this case who reside in Texas reside in the Houston area. This lawsuit has no connection to the Western District of Texas. Accordingly, this factor weighs in favor of transfer.

    3.    <u>Familiarity with Applicable Law</u>

Both the Southern District and the Western District of Texas are equally capable of applying the relevant law in this case. This factor is neutral.

    4.    <u>Avoidance of Problems of Conflict of Laws</u>

Finally, transfer would not present a conflict of law or require the application of foreign law in this case. This factor is also neutral.

**F. Conclusion**

When the facts and circumstances of a case are primarily grounded in the transferee forum, that forum is a clearly more convenient venue, and the case has no strong connection to the transfer forum, it is appropriate to transfer the venue of the case. *In re Radmax*, 720 F.3d at 289. Here, based on the analysis of the relevant criteria, the Houston Division of the Southern District of

Texas is clearly a more convenient venue than this Court. Because the Court is recommending that the case be transferred and the Southern District of Texas already has ruled on the same issue in the related case, the Court finds that the Southern District of Texas should rule on Plaintiff's Emergency Motion to Remand.

## III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Air China Limited's Motion to Transfer Venue and Consolidate Related Cases (Dkt. No. 3) and **TRANSFER** this case and all pending motions to the Houston Division of the Southern District of Texas.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 21, 2019**.**

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE